UHLIR, Respondent, v. McGUIGAN, Appellant.

(210 N. W. 194.)

(File No. 5750.    Opinion filed October 11, 1926.)

1.  Mortgages—Owner of Mortgaged Land Held to Have Right to Redeem, and Entitled to Cancellation of Sheriff's Deed Six Months After It Had Been Executed Without His Knowledge to Tenant Who Was Mortgagee and Had Begun Foreclosure Proceeding Before He Became Tenant (Rev. Code 1919, §§ 1064, 2879).

    Owner of mortgaged land held to have right to redeem, and entitled to cancellation of sheriff's deed six months after it had been executed without his knowledge to tenant, who was mortgagee and had begun foreclosure proceeding before he became tenant, since, under Rev. Code 1919, § 1064, latter had duty to notify landlord, notwithstanding that notice by publication is sufficient in foreclosure under section 2879.

2.  Appeal and Error.

    Respondent's request for relief cannot be considered in absence of cross-appeal.

---

Note.—See, Headnote, (1), American Key-Numbered Digest, Mortgages, Key-No. 369(2), 41 C. J. Secs. 1397. 1488, 1489 (Anno); (2) Appeal and error, Key-No. 878(6), 4 C. J. Sec. 2599.

Appeal from Circuit Court, Lyman County; Hon. John G. Bartine, Judge.

Action by J. B. Uhlir against Thomas McGuigan.    Judgment for plaintiff, and defendant appeals.    Affirmed.

*Brown & Brown,* of Chamberlain, for Appellant.

*G. C. Uhlir,* of Kimball, for Respondent.

GATES, P. J.   Defendant held a $1,000 mortgage and a second mortgage of $100 upon certain land in Lyman county.  The latter mortgage secured five promissory notes of $20 each, payable in December, 1918, 1919, 1920, 1921, and 1922, respectively. Plaintiff thereafter bought the land subject to the two mortgages, and in the spring of 1921 leased it to defendant for the period from March 1, 1921, to March 1, 1922, and thereafter renewed the lease to March 1, 1923.

Prior to the lease and in October, 1920 defendant had begun foreclosure proceedings by advertisement of said second mortgage, which resulted in a sale of the premises to defendant in November, 1920, and a sheriff's deed to him in November, 1921.   Plaintiff had no knowledge of the foreclosure proceedings until about six months after the execution of the sheriff's deed.   He promptly brought this action to redeem upon payment of the amount due on the foreclosure sale with interest and costs and for a cancellation of the sheriff's deed.   The trial court granted such relief, and plaintiff deposited the requisite amount into court.   Defendant appeals from the judgment.

[1]   Section 1064, Rev. Code 1919, provides:

"Every tenant who receives notice of any proceeding, to recover the real property occupied by him, or the possession thereof, must immediately inform his landlord of the same, and also deliver to the landlord the notice, if in writing, and is responsible to the landlord for all damages which he may sustain by reason of any omission to inform him of the notice, or to deliver to him, if in writing."

While it is true that in foreclosure proceedings by advertisement notice is not required to be given other than by publication specified in section 2879, Rev. Code 1919, and while it is true that in October, 1920, defendant owed no duty to plaintiff to give him notice of the foreclosure, yet when the relationship of landlord and tenant between plaintiff and defendant began in the spring of 1921 it would seem that the spirit of the statute required defendant to acquaint plaintiff with the fact that plaintiff would lose his land some seven months hence unless he redeemed from the foreclosure sale.   If defendant desired to stand on his legal right to conduct the foreclosure without advising plaintiff of it

he should not voluntarily have assumed the relation of tenant of plaintiff.· When there was a conjunction of present knowledge of the foreclosure with such relationship, then the duty arose to acquaint plaintiff with the fact. We make no comment on the facts found 'which would perhaps have justified a finding of actual fraud on the part of defendant.

[2]   Plaintiff asks to have restored to him that part of the redemption money paid into court which represents the costs of foreclosure. No cross-appeal was taken by him; therefore we cannot consider that question.

The judgment is affirmed.

DILLON, J., not sitting.